**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Adrian R. Rivera,

                Plaintiff,

    v.

Conserve

                Defendant.

Case No. 2:26-cv-00401-BNW

**ORDER**

On April 27, 2026, Defendant unilaterally filed a proposed discovery plan and scheduling order ("DPSO") in order to comply with Local Rule 26-1. ECF No. 24. In its DPSO, Defendant explained that it was filing its DPSO unilaterally because Plaintiff had failed to respond to multiple requests to discuss the filing of the DPSO and the deadline was approaching. *Id.* at 1–2. On April 28, 2026, this Court ordered Plaintiff to submit his proposed DPSO by May 5, 2026. ECF No. 26. Plaintiff failed to file a DPSO by that deadline, so this Court entered an order to show cause requiring Plaintiff to either file a DPSO or otherwise respond to the order to show cause by May 13, 2026. That order warned Plaintiff that failure to comply could result in appropriate sanctions. ECF No. 29. Plaintiff neither filed a joint DPSO nor a response by that deadline and did not otherwise move for an extension of time to do so. As a result, this Court dismisses this case without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff has failed to appear or otherwise participate in litigating this action since April 23, 2026[1], despite two court orders to do so, the only alternative is to enter a third order directing Plaintiff to participate in his case. Although this Court granted the Defendant's proposed DPSO (ECF No. 31) in order to allow Defendant to move forward, Defendant cannot meaningfully conduct discovery without the participation of Plaintiff. Since the circumstances here do not indicate that Plaintiff needed additional time nor is there evidence that he did not receive the court's order, drafting another order is not a meaningful alternative. So, the fifth factor favors dismissal.

On balance, the factors above favor dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

---

[1]With the exception of an unauthorized surreply to Defendant's motion to dismiss on May 4, 2026,

**IT IS THEREFORE ORDERED** that **THIS ACTION BE DISMISSED** without prejudice for failure to comply with this Court's order and failure show cause by the court-ordered deadline.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

DATED: June 11, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE